■ SARATOGA HARNESS RACING ASSOCIATION, INC., Appellant-Respondent, v. AGRICULTURE AND NEW YORK STATE HORSE BREEDING DEVELOPMENT FUND, Respondent-Appellant.—*Per Curiam.* Appeal and cross appeal from a partial summary judgment of the Supreme Court, Albany County, granted in favor of the respondent-appellant. Respondent-appellant, a public benefit corporation within the Harness Racing Commission and administered by the Commissioner of Agriculture and Markets, the Chairman of the Harness Racing Commission and three trustees appointed by the Governor, was established in 1965 to "promote the breeding of horses in this State" (Pari-Mutuel Revenue Law, § 55-a, L. 1940, ch. 254, as amd.). To finance its operations the respondent-appellant was authorized to collect and receive 25% of the "breakage" at harness racing tracks throughout the State (Pari-Mutuel Revenue Law, § 55-c). In the instant proceeding appellant-respondent seeks to avoid making any payment to the respondent-appellant and respondent-appellant seeks to secure its share of the breakage for that portion of the calendar year 1965 beginning the first Monday after the effective date of the legislation. Special Term in granting partial summary judgment upheld the respondent-appellant's right to collect the designated percentage of the breakage for the period in question but found a question of fact as to the right of the appellant-respondent to set off the cost of six stake races allegedly held under the auspices of the respondent-appellant, and accordingly granted partial summary judgment in favor of respondent-appellant for the breakage due less the disputed cost of the races. Appellant-respondent first asserts that since concededly the Governor did not appoint the three trustees whom he was to designate until after January 1, 1966, the respondent-appellant was not organized during 1965 and no payments are therefore due for that year. We cannot agree with this contention. The enacting legislation specifically states that it "shall apply to all pari-mutuel betting conducted on and after the first Monday after it takes effect" (L. 1965, ch. 567, § 10) and thus the respondent-appellant was entitled from July 5, 1965 to the designated percentage of the breakage. The fact that no trustees were appointed until January 1, 1966 is immaterial here to this issue since the appointment of the trustees was not a condition precedent to appellant-respondent's liability for payment. We need not speculate as suggested by appellant-respondent as to the consequences of an extended delay in appointment by the Governor since we find none such to exist. We find no undue hardship to appellant-respondent because the trustee appointments and the assessment for 1965 were not made until January of 1966. Secondly appellant-respondent urges that the assessment violates article I (§ 9, subd. 1) of the New York State Constitution in that the respondent-appellant is not the State of New York nor is its income from pari-mutuel wagering used "for the support of government" as required. While arguably, at least, the assessment revenues will benefit individual horse breeders, the respondent-appellant itself is clearly an integral part of State government and whereas here the assessment is levied ostensibly to achieve a public purpose, the promotion and development of "agriculture generally and the improvement of the breeding of horses particularly", we cannot say that "government" is not being supported by the assessment. We find nothing in *Matter of Roosevelt Raceway* v. *County of Nassau* (18 N Y 2d 30) which would dictate a different conclusion. Finally the respondent-appellant asserts that Special Term erred in holding that there were questions of fact which could not be determined on motion with respect to appellant-respondent's set-off for $20,516.06 for allegedly conducting six stake races pursuant to subdivision 2 of section 55-c of the Pari-Mutuel Revenue

Law. We agree with Special Term that questions of fact do exist as to this issue but feel that this is not the proper proceeding to raise those questions. Indeed, the claim for set-off is not within the present pleadings. Respondent-appellant should first raise its contention formally with the appellant-respondent and then if it feels aggrieved by the decision rendered seek review of that determination, hopefully on a well-developed record, in the prescribed manner. Accordingly, in this proceeding respondent-appellant is entitled to the full amount of the breakage due it pursuant to section 55-c of the Pari-Mutuel Law. Judgment modified, on the law and the facts, so as to direct summary judgment in favor of respondent-appellant for $45,222.89 and, as so modified, affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Brink, JJ., concur. [51 Misc 2d 591.]